# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| BILLIE B. LINE, JR. | } | CASE NO. 08-80307-JAC-7 |
| SSN:  XXX-XX-6697 | } | |
| JAN TETRAULT LINE | } | |
| SSN:  XXX-XX-6028 | } | CHAPTER  7 |
| Debtor(s). | } | |
| | | |
| TRANQUILO RYAN VENTURA | } | AP NO. 08-80031-JAC-7 |
| Plaintiff(s), | } | |
| v. | } | |
| BILLIE B. LINE, JR. and | } | |
| ATTORNEYS INSURANCE MUTUAL OF | } | |
| ALABAMA, INC. | } | |
| Defendant(s). | } | |

_____

| | | |
|---|---|---|
| ATTORNEYS INSURANCE MUTUAL | } | AP NO. 08-80030-JAC-7 |
| OF ALABAMA, INC. | } | |
| Plaintiff(s), | } | |
| v. | } | |
| BILLIE B. LINE, JR., et al. | } | |
| Defendant(s). | } | |

### MEMORANDUM OPINION

On April 7, 2008, the above styled adversary proceedings came before the Court on the following matters:

1.  Show Cause why the adversary proceedings should not be remanded;

2.  Motion by Tranquilo Ryan Ventura ("Ventura") in adversary proceeding 08-80030-JAC-7for abstention and remand to the Circuit Court of Madison County, Alabama and motion by Ventura in adversary proceeding 08-80031-JAC-7 for abstention and remand to the Circuit Court of Marshall County, Alabama;

3.  Motion by debtor in adversary proceeding 08-80030-JAC-7 for abstention, or alternatively, to remand to the Circuit Court of Madison County, Alabama; and

4. Motion by Ventura to proceed in the Circuit Court of Madison County, Alabama with a declaratory judgment action as well as in the Circuit Court of Marshall County, Alabama in an attempt to collect from any insurance policies and/or relief funds.

## FINDINGS OF FACTS AND ARGUMENTS

Ventura commenced the Marshall County action against the debtor in December of 2003 alleging claims of negligence and breach of fiduciary duty based on debtor's legal representation of Ventura and his mother, Patricia Dutton. A jury returned a verdict in favor of Ventura in the amount of $750,000 and in favor of Hartford Fire Insurance Company, Ms. Dutton's bonding company, in the amount of $500,000. The debtor has appealed the judgment to the Alabama Supreme Court.

Attorneys Insurance Mutual of Alabama, Inc. ("AIM") concedes that the appeal of the Marshall County judgment should proceed. However, AIM argues that this Court should retain jurisdiction over the action to the extent AIM was added as a defendant/garnishee in that action after the jury rendered the verdict. Post-judgment, Ventura added AIM, the debtor's professional liability insurance provider, as a defendant to the complaint on the basis that AIM issued one or more policies of insurance that indemnified the debtor for the acts made the basis of the original complaint and judgment.

In October of 2007, AIM commenced a separate declaratory-judgment action in the Circuit Court of Madison County, Alabama to determine the parties' rights and obligations under the policy of liability insurance issued by AIM to the debtor. AIM seeks a determination in the Madison County action as to whether AIM owes coverage to the debtor for the acts made the basis of the judgment in the Marshall County action.

Ventura argues that both actions are subject to mandatory abstention under 28 U.S.C. § 1334(c)(2) for the following reasons:

1. Ventura's motions for abstention were timely filed as the notice of removal was filed on March 4, 2008;

2. The proceedings are based entirely upon a state law claim or state law cause of action;

3. AIM concedes that the matters are non-core;

4. It is questionable whether the actions could have been commenced in a court of the United States apart from the bankruptcy as there may not be diversity of citizenship and there are no federal questions involved; and

5. The actions can be timely adjudicated in state court.

2

Alternatively, Ventura moves the Court to exercise its discretion and abstain under the permissive abstention provisions of 28 U.S.C. § 1334(c)(1). Ventura further questions whether the actions are even related to the bankruptcy proceeding.

AIM argues that various post-trial motions are currently pending in the Marshall County action and the likelihood that these state court proceedings will be timely adjudicated before the bankruptcy court has a chance to consider same is highly unlikely. As such, AIM argues that mandatory abstention is not required in this case. Turning to the issue of discretionary abstention, AIM argues that due to the procedural posture of the Marshall County action, abstention would most likely result in the inefficient administration of the bankruptcy estate. Additionally, AIM argues that removal of both the Marshall County and Madison County actions would avoid possible inconsistent results in the state court actions.

### CONCLUSIONS OF LAW

In <u>MJO Holding Corp. v. Welt (In re Happy Hocker Pawn Shop, Inc.)</u>, 212 Fed. Appx. 811 (11th Cir. 2006), the Eleventh Circuit explained that bankruptcy courts exercise jurisdiction in three categories of civil proceedings:

(1) those that "arise under title 11,"
(2) those that "arise in cases under title 11," and
(3) those "related to cases under title 11," 28 U.S.C. § 1334(b).

Section 157(b)(1) of Title 28 categorizes proceedings that arise under title 11, or that arise in a case under title 11 as "core proceedings." The Eleventh Circuit has adopted the Fifth Circuit test for determining § 157(b) jurisdiction:

"[if] the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy **because of its potential effect**, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding." (emphasis added).

The parties admit that, at most, the Marshall County and Madison County actions are non-core proceedings. Ventura questions whether the actions are even "related to" the bankruptcy proceeding as collection from AIM will have no impact on the administration of the bankruptcy estate in what appears to be a no asset Chapter 7 case. In deed, it appears that any distribution in this case would be negligible at best. AIM responds, however, that state court actions involving the adjudication of claims under insurance policies are proceedings over which this Court can exercise

3

"related to" jurisdiction as the actions may be decided in such a way as to have an effect on the bankruptcy estate.

The Court finds and the parties concede that the state court actions do not constitute core proceedings under 28 U.S.C. § 157(b)(1) as proceedings that arise under title 11, or that arise in a case under title 11. The Court concludes, however, the outcome of the proceedings could conceivably have an effect on the estate being administered to the extent Ventura and Hartford will be entitled to file claims in this case in the event it is determined that AIM is not liable under the insurance policies at issue. Although it is questionable whether there will be any assets to be administered in this estate, the debtors do have limited unencumbered assets and a contingent claim against AIM for bad faith refusal to pay claims. Accordingly, the Court finds that related to jurisdiction exists under 28 U.S.C. 1334(b) as the state court actions could conceivably have an effect on the administration of the debtors' bankruptcy estate.

Having found related to jurisdiction, the Court must determine whether abstention is appropriate. Abstention is governed by 28 U.S.C. § 1334(c), which provides:

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

> (2) Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

Section 1334(c)(2) addresses situations where the court must abstain, and pertains only to non-core proceedings, whereas § 1334(c)(1) allows for permissive abstention from core matters when abstention best serves the interest of justice, judicial economy, or respect for state law.[1] Having determined that the state court actions are non-core, related to proceedings, mandatory abstention applies under § 1334(c)(2). Once a court determines that mandatory abstention applies, the court must determine whether the elements of mandatory abstention are present. A bankruptcy court must abstain if:

> (1) a timely motion to abstain is filed;
> (2) the proceeding is based upon a state law claim or state law cause of action;

---

[1] *Raven II Holdings v. W.S.F. -World Sports Fans, LLC (In re W.S.F. World Sports Fans, LLC)*, 367 B.R. 786 (Bankr. D.N.M. 2007).

4

(3) the proceeding is related to a case under title 11 but not arising under title 11 or arising in a case under title 11;

(4) the proceeding could not have been commenced in a court of the United States absent jurisdiction under § 1334; and

(5) the proceeding is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.[2]

Here the Court finds that Ventura has sufficiently demonstrated the presence of the remaining elements necessary for mandatory abstention to apply: (1) the motion for abstention was timely, since it was filed within four days of the filing of the notice of removal; (2) the state court actions are based on state law claims; (3) the actions were commenced in state court; (4) the state court actions can be timely adjudicated by the respective state court, as there is no evidence indicating that there is some impediment or known cause to delay the proceedings in the state court actions; and (5) there is no independent basis for federal jurisdiction other than the bankruptcy.[3]

AIM urged this Court to retain jurisdiction of the cases to untangle the "jurisdictional pile up" involved in the competing actions. No testimony or evidence was submitted, however, to show that the Marshall County and Madison County courts cannot timely adjudicate these matters and resolve any jurisdictional issues that may arise when competing lawsuits are filed in separate state courts. Accordingly, the Court concludes that Ventura has satisfied the criteria for mandatory abstention.

Alternatively, the Court finds discretionary abstention would be appropriate under 28 U.S.C. § 1334(c)(1). Courts have considered a number of factors in determining whether discretionary abstention is appropriate:

1) the effect of abstention, or lack thereof, on the efficient administration of the bankruptcy estate;

2) the extent to which state law issues predominate over bankruptcy issues;

3) the difficulty or unsettled nature of the applicable law;

4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334;

6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7) the substance rather than form of an asserted "core" proceeding;

---

[2] *Twyman v. Wedlo, Inc. (In re Wedlo, Inc.)*, 204 B.R. 1006, 1018-1019 (Bankr. N.D. Ala. 1996).

[3] *In re Robino*, 243 B.R. 472, 492 (Bankr. N.D. Ala. 1999); *Twyman v. Wedlo, Inc. (In re Wedlo, Inc.)*, 204 B.R. 1006 (Bankr. N.D. Ala. 1996).

5

8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9) the burden of the bankruptcy court's docket;

10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11) the existence of a right to a jury trial; and

12) the presence in the proceeding of non-debtor parties.[4]

"Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative."[5] Applying these factors as relevant, the Court finds that discretionary abstention is appropriate. Abstention will not hamper the efficient administration of the debtors' bankruptcy estate. The Madison County action has been pending since October of 2007 and the Marshall County action involves post-judgment issues. Abstention will allow these pending actions to proceed and there has been no showing that this Court could resolve the issues more quickly than the courts which are already presiding over the matters involved in each case. The issues pending in both actions involve matters of state law and regardless of whether the matters are difficult or unsettled they are matters over which the state courts routinely rule. The actions are only remotely related to the bankruptcy proceeding at best given the likelihood that this will be a no asset case. Questions of forum shopping were also raised at the hearing and in Ventura's pleadings. Additionally, at least one non-debtor party, Hartford, is involved in the actions. The Court concludes based on these findings that abstention is also appropriate under §1334(c)(1).

A separate order will be entered consistent with this opinion abstaining from and remanding the state court actions to the Circuit Courts of Marshall and Madison County, Alabama.

Dated: April 8, 2008

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc:    Debtor(s)

---

[4]      In re Perfect Home L.L.C. 231 B.R. 358, 361 (Bkrtcy.N.D.Ala.,1999) (citing *Twyman v. Wedlo, Inc. (In re Wedlo, Inc.*, 204 B.R. 1006, 1018-1019 (Bankr. N. D. Ala. 1996).

[5]      *Cassidy v. Wyeth-Ayerst Laboratories*, 42 F.Supp.2d 1260, 1263 (M.D. Ala. 1999)(quoting *Matter of Chicago, Milwaukee*, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993)).

6

David Lee Jones, attorney for Tranquilo Ryan Ventura
Ann Grace,  attorney for debtor
Dan Warnes, attorney for AIM
Eric J. Breithaupt, attorney for Hartford Fire Insurance Co.
Frank Wilson, attorney for Tranquilo Ryan Ventura
Gary Grace, attorney for debtor
Judith Thompson, trustee
Kevin Heard, attorney for debtor
P.J. Harris, attorney for Hartford Fire Insurance Co.
Robert Hembree, attorney for Tranquilo Ryan Ventura
Randy Beard, attorney for Hartford Fire Insurance Co.
Richard Smith, attorney for Hartford Fire Insurance Co.
Sharon Donaldson Stuart, attorney for Hartford Fire Insurance Co.
Stuart Maples, attorney for AIM
Jeff Mobley, attorney for AIM
Alyssa Ross, attorney for Tranquilo Ryan Ventura

Case 08-80031-JAC    Doc 22    Filed 04/09/08    Entered 04/09/08 08:42:00    Desc Main
Document      Page 7 of 7